COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker and Coleman
Argued at Richmond, Virginia


ROBERT STEPHEN REYNOLDS

v.   Record No. 2025-94-2          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                MAY 7, 1996


          FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                D. W. Murphey, Judge Designate

          Robert S. Reynolds, pro se.

          Robert B. Beasley, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Robert Stephen Reynolds appeals his conviction of grand

larceny, breaking and entering with intent to commit larceny, and

trespass on the ground that the evidence was insufficient to

prove his guilt beyond a reasonable doubt.[1]  We affirm the

convictions.

     At approximately 7:00 p.m. on April 25, 1994, Robert

Reynolds and his girlfriend, Melanie Brandon, drove to the home

of Rick and Barbara Smith.  They were accompanied by two friends,

including the driver of the vehicle.  Ms. Brandon believed that

Smith had stolen four oriental rugs from her.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]At trial and in his brief, Reynolds also argued that the
trial court erred in the instruction to the jury on "good faith
claim of right."  On brief and at oral argument, Reynolds
requested that the Court not reverse the convictions on this
ground.  Therefore, we treat this claim as waived and do not
consider Reynolds' argument on the jury instruction.

When they arrived, only Mrs. Smith was at home. Mrs. Smith met the pair at the front door, and they told her that they had come to get the rug that Mr. Smith had stolen from Ms. Brandon. Mrs. Smith told them that her husband had purchased the rug from Ms. Brandon and asked them to leave or she would call the police. Mrs. Smith then closed the front door, and went to her bedroom to call the police.

While Mrs. Smith was on the telephone, Reynolds and Ms. Brandon opened the door and went into the house. Mrs. Smith encountered Reynolds and Brandon in the living room. Ms. Brandon pointed out a rug in the baby's bedroom that she said was hers. Mrs. Smith called the police a second time, and then left the house, went into the yard, and yelled for help.

Ms. Brandon left the house after Mrs. Smith did, and went back to the car. Ms. Brandon and her two friends drove away. Reynolds then left the house carrying the rug, and ran through the yard toward the area where the car had been parked. Mrs. Smith grabbed hold of the rug. Mrs. Smith went inside with the police to open a lockbox, and retrieved a receipt for the purchase of a 9 x 12 oriental rug for $250, made out to Mr. Smith and signed by Ms. Brandon. At trial, the Commonwealth produced a cancelled check made out to Melanie Brandon for the purchase of a 9 x 12 Chinese rug.

Ms. Brandon testified that she had told Reynolds on several occasions that Mr. Smith had stolen rugs that she had entrusted to him for safekeeping. However, Ms. Brandon also testified that

she did not intend to take anything from the Smiths' home.  Ms. Brandon testified that after they had spoken with Mrs. Smith at the front door she asked Reynolds not to go in, that she would rather take care of it a different way.  Ms. Brandon stated that she went into the house only in order to persuade Reynolds to leave.

Reynolds acknowledged that Ms. Brandon urged him not to take the rug.  He insisted on taking it because he thought Ms. Brandon had the right to do so.  Reynolds also testified that he had a "connection" with Ms. Brandon's property because he had been supporting her and she told him "what's mine is yours."

The officers who arrived at the scene testified that Reynolds told them he was there to take possession of something that belonged to a friend of his.  Reynolds did not tell either officer that the rug was his or partially his.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Larceny is the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.  Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994).  If, however, the property is taken "under a bona fide claim of right, as under a claim of ownership or in a bona fide attempt to enforce payment of a debt," criminal

- 3 -

intent is lacking and there can be no larceny. <u>Pierce v. Commonwealth</u>, 205 Va. 528, 533, 138 S.E.2d 28, 32 (1964). Even if the claimant's belief that he has a right to take the property is unreasonable, it constitutes a <u>bona</u> <u>fide</u> claim of right so long as the belief was made honestly and in good faith. <u>See</u> 50 Am.Jur.2D <u>Larceny</u> § 46 (1995); <u>see also</u> <u>Whitlow v. Commonwealth</u>, 184 Va. 910, 918, 37 S.E.2d 18, 21 (1946).

Reynolds argues that the Commonwealth failed to prove intent to steal because he honestly believed that the rug belonged to Ms. Brandon and he was acting as her agent in recovering it. He also claims to be a part owner of the property.

The doctrine of <u>bona</u> <u>fide</u> claim of right applies where the claimant is acting on behalf of another, and where he believes himself to be part owner of the property taken. <u>See</u> 50 Am.Jur.2D <u>Larceny</u> § 46. Construing the evidence in the light most favorable to the Commonwealth, it supports the inference that Reynolds knew he was not acting as Ms. Brandon's agent because she asked him not to enter the house or take the rug. As for Reynolds' claim of part ownership, his statements at the scene reflect only his belief that the rug belonged to Ms. Brandon, thus leading to a permissible inference that he created this claim after the fact. Thus, the evidence was sufficient to convict Reynolds of larceny.

Reynolds could not be convicted of trespass if he entered the property under a <u>bona</u> <u>fide</u> claim of right. <u>Reed v. Commonwealth</u>, 6 Va. App. 65, 71, 366 S.E.2d 274, 278 (1988). A

- 4 -

bona fide claim of right in the trespass context "is a sincere, although perhaps mistaken, good faith belief that one has some legal right to be on the property.  The claim need not be one of title or ownership, but it must rise to the level of authorization."  Id.  Reynolds had no claim of ownership or authorization, and therefore the evidence was sufficient to convict him of trespass.  For these reasons, we affirm his convictions.

Affirmed.